UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD WALLS,

                        Petitioner,                    Case No. 1:12-cv-232

v.                                        Honorable Gordon J. Quist

WILLIE SMITH,

                        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner is incarcerated in the Carson City Correctional Facility. He was convicted in the Calhoun County Circuit Court of second-degree-murder in the stabbing death of his former girlfriend. The victim was stabbed six times in a store parking lot and died from her injuries. On

April 26, 2010, the trial court sentenced Petitioner as a fourth habitual offender to imprisonment of forty-five to seventy years.  Petitioner filed a direct appeal in the Michigan Court of Appeals raising the following three claims:

> (1) Appellant entitled to a new trial where the trial court abused its discretion in granting the prosecutor's request to add a late endorsement witness, (2) trial court erred in instructions to the jury relative to the denial of the requested instruction for manslaughter, (3) Appellant entitled to correction of the offense variables where the trial court abused its discretion in denying the requested reduction for offense variable 19.

(Pet., docket #1, Page ID#3.)  The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion issued on March 25, 2011.  *See People v. Walls*, No. 298033, 2011 WL 890972 (Mich. Ct. App. Mar. 15, 2011).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same three claims.  The supreme court denied his application for leave to appeal on September 6, 2011.

Petitioner now raises the following three grounds for habeas corpus relief:

I.  Petitioner was denied due process where the trial court granted the prosecutor's request to add a late endorsed witness.

II.  Petitioner was denied due process where the trial court erred in denying the request for a manslaughter instruction.

III.  Petitioner's sentence violates due process where points were assessed for inaccurate factors.

(Pet. 12, Page ID##7-11.)

## **Standard of Review**

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was

adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

**Discussion**

I.      **Late Endorsement of Witness**

Petitioner argues in his first ground for habeas corpus relief that his due process rights were violated when the trial court allowed the late endorsement of a prosecutorial witness.[1]  The Michigan Court of Appeals found that the trial court did not abuse its discretion by allowing the witness to testify, stating:

> On appeal, defendant first argues that the trial court erred in allowing the prosecutor to present a witness that had not been listed on the initial witness list. We review this issue for an abuse of discretion. *People v Burwick*, 450 Mich 281, 291; 537 NW2d 813 (1995).

> On March 9, 2010, the prosecutor filed a "motion to add witness." The motion indicated that a detective, assisted by assistant prosecutor Jeffrey Kabot, had interviewed a jail inmate, Ricardo VanPelt, on February 23, 2010, and VanPelt stated that defendant, while in jail, had told him he killed a woman named "Pinky" because the woman was trying to "leave [him]." The motion indicated that Kabot "has been involved in the preparation for and current trial of a separate homicide in Calhoun County, since he received the information regarding Mr. VanPelt, leading to the delay in requesting the addition of Mr. Van[P]elt as a witness for the People."

> The motion hearing took place on the first day of trial, March 11, 2010 (a Thursday), before jury selection.  At the hearing, the prosecutor stated that "the report was made available to us from the Battle Creek Police as of March 2nd, and

---

[1] Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971).  It is unclear whether Petitioner fairly presented his federal due process claims in the state courts or merely asserted violations of state law.  Nevertheless, the Court may deny a habeas petition on the merits notwithstanding the Petitioner's failure to exhaust state-court remedies.  *See* 28 U.S.C. § 2254(b)(2).

we ourselves have just recently spoken with Mr. VanPelt within the last 4 hours." The prosecutor claimed that defense counsel had been informed of the witness on Friday, March 5, but counsel claimed that he first learned of him on Tuesday, March 9. Defense counsel also questioned why there had been such a significant delay in adding the potential witness if the interview of him took place on February 23 as stated in the written motion. Counsel also noted that he had not yet had a chance to interview VanPelt.

The prosecutor, in response to defense counsel's argument, stated that "[t]hese reports are done from the Battle Creek Police Department, and again as I stated, we didn't even have access to the report and the information itself, and I'm acting in good faith until March 2nd.

The trial court stated that VanPelt's proposed testimony "involves a matter of great significance" and indicated that he would give defense counsel "the opportunity to look further into this . . . ." The court stated that it would rule at a later time.

The parties and the court revisited the issue on March 12, the second day of trial, with the court stating that "[t]here have been some discussions off the record with counsel about this." The prosecutor argued that defense counsel had spoken with VanPelt and that the late addition of VanPelt as a witness would not be prejudicial because there had been no witnesses to the alleged conversation between VanPelt and defendant. Defense counsel argued:

> I have had a chance to talk with Mr. VanPelt. He did say there were other people around in the [prison yard], however not when he allegedly was walking and talking with my client. The best he can narrow it down timeframe to me was maybe the last month of his sentence. He got out September 12th, so he couldn't narrow it down more than a month. I . . . still argue that . . . this is very prejudicial with the surprise element of it. Given more time [I] could have drawn up any . . . or could have talked to the jail about any potential videotapes that they have of the yard, gone through those. I'm sure they would have kept schedules of when people were released to go outside. Anybody else that would have been in the yard to see if they heard or didn't hear anything, as well as anybody who may or may not have heard it inside.

The trial court ruled:

> The earliest that this witness would testify would be Tuesday . . . the 16th, approximately one week after . . . [counsel] became aware of the request to add the witness, and of the substance of the witnesses [sic] testimony from the police report provided, along with the motion. In the final analysis, I'm satisfied that there is not sufficient prejudice at this point, given now the full week that

-4-

[counsel] has to prepare for the testimony of this witness, having talked to the witness and having had at least the opportunity to make some further inquiry about it . . . . It does not appear to me there's sufficient evidence to find the People were in any way dilatory in disclosure thereof, and nor does it appear that the witnesses [sic] identity and the proposal that the witness testify was withheld for the purpose of intentionally prejudicing or surprising the defense. I'm going to permit the addition of the witness understanding for the record, that [counsel] will now have the full weekend and – including Monday when this [c]ourt is not in session, to make whatever further inquiry he wishes of the Sheriff's Department. And [counsel], if you need assistance of the [c]ourt in facilitating that, you may certainly make that request without the necessity of a written pleading.

We find no basis for reversal with respect to this issue. MCL 767.40a(4) states that "the prosecuting attorney may add or delete from the list of witnesses he or she intends to call at trial at any time upon leave of the court and for good cause shown or by stipulation of the parties." The "good cause" for filing the motion on March 9, 2010, is not entirely clear here, given that, according to the prosecutor's motion, the information was available to someone in the prosecutor's office on February 23, 2010.  However, defendant himself agrees, in his appellate brief, that a defendant complaining of a violation of MCL 767.40a must establish prejudice in order to obtain relief.  *See People v Williams*, 188 Mich App 54, 59-60; 569 NW2d 4 (1991).

Under the circumstances, defendant has not established prejudice. The trial court gave defense counsel ample time to prepare for VanPelt's testimony, given the substance of the proposed testimony and the information concerning the lack of witnesses to the conversation between defendant and VanPelt. The trial court was sensitive to defense counsel's needs and indicated a willingness to assist counsel in obtaining further information from the Sheriff's Department. We find no abuse of discretion and no basis for reversal.  See, generally, *People v Lino (After Remand)*, 213 Mich App 89, 92-93; 539 NW2d 545 (1995), overruled on other grounds in *People v Carson*, 220 Mich App 662; 560 NW2d 657 (1996).

*Walls*, 2011 WL 890972, at *1-3.

It is well-settled that there is no general constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (denying due process claim of a defendant who was convicted with aid of surprise testimony from an accomplice who was an undercover agent); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988) (citing *Weatherford*, 429 U.S. at 559). A decision regarding the endorsement of a witness generally

constitutes a state-law matter within the trial court's discretion.  *See Hence v. Smith*, 37 F. Supp. 2d 970, 982 (E.D. Mich. 1999) (citing cases); *Whalen v. Johnson*, 438 F. Supp. 1198, 1202-03 (E.D. Mich. 1977) (holding that it was not a fundamental error to permit a prosecutor to endorse a witness during trial even though the prosecutor had previously filed an affidavit stating that the witness was not material).  Furthermore, a federal habeas court may only grant habeas relief to a person who is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993).  Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief.  *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

In this case, the Michigan Court of Appeals determined that the late endorsement of Van Pelt was appropriate under state law.  This Court will not disturb the state court's determination that the late endorsement of the witness was proper under Michigan law.  State courts are the final arbiters of state law and federal courts do not intervene in such decisions.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).  Moreover, Petitioner has not established that the state court's decision is contrary to or an unreasonable application of Supreme Court precedent.  He has not shown that his trial was rendered fundamentally unfair by the late endorsement of Van Pelt.  Defense counsel claimed that he first learned of the witness on March 9, 2010, and was able to interview the witness on March 11 or 12.  The trial court assured defense counsel that the witness would not testify until at least March 16, so that counsel would have sufficient time to prepare for the witness.  Because the trial court gave defense counsel sufficient time to prepare for Van Pelt's testimony, Petitioner cannot establish prejudice.  Defense counsel also

had the opportunity to fully cross-examine the witness at trial.  Petitioner, therefore, is not entitled

to habeas corpus relief.

II.      **Manslaughter Instruction**

        In his second ground for habeas corpus relief, Petitioner contends that the trial court

erred when it refused to instruct the jury on the lesser offense of manslaughter.  The trial court

concluded that the instruction was not supported by a rational view of the evidence.  The Michigan

Court of Appeals rejected Petitioner's claim, stating:

> Defendant next argues that the trial court erred in refusing to instruct the jury on manslaughter. "The determination whether a jury instruction is applicable to the facts of the case lies within the sound discretion of the trial court." *People v Ho*, 231 Mich App 178, 189; 585 NW2d 357 (1998). "[W]hen a defendant is charged with murder, an instruction for voluntary and involuntary manslaughter must be given if supported by a rational view of the evidence." *People v Mendoza*, 468 Mich 527, 541; 664 NW2d 685 (2003).

> On appeal, defendant does not make any reasoned argument with regard to involuntary manslaughter but instead focuses on voluntary manslaughter.

> The trial court ruled as follows concerning defendant's request for a manslaughter instruction:

>> All right, I'm not satisfied based on the record in this case, that manslaughter is supported by a rational view of the evidence. I am giving second degree, also requested by the defense.

>> \* \* \*

>> But I'm not satisfied that manslaughter in either theory, voluntary or involuntary, is properly supported by a rational view of the evidence. The Defendant's testimony is that he . . . did not commit this at all, was not present and based on the testimony of witnesses, while I think the evidence could be – or that the death could be second degree murder, that that is supported by a rational view of the evidence, I don't find there's sufficient basis for a finding of – for an instruction on manslaughter in either of its theories.

> The trial court did not err in reaching this conclusion. As noted in *People v Townes*, 391 Mich 578, 590; 218 NW2d 136 (1974), "[a] defendant properly convicted of voluntary manslaughter is a person who has acted out of a temporary excitement induced by an adequate provocation and not from the deliberation and

reflection that marks the crime of murder." See also *Mendoza*, 468 Mich at 540. The evidence produced at trial did not support that defendant "acted out of a temporary excitement induced by an adequate provocation and not from the deliberation and reflection that marks the crime of murder." *Townes*, 391 Mich at 590. Defendant denied being the person on the video surveillance tape that captured the stabbing. Evidence indicated that defendant had planned to kill the victim, and there was no evidence of provocation on the part of the victim. The trial court properly denied the request for a manslaughter instruction.

*Walls*, 2011 WL 890972, at *3-4.

The Supreme Court has never held that due process requires lesser-included offense instructions in non-capital cases. *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001). In *Beck v. Alabama*, 447 U.S. 625 (1980), the Supreme Court granted state criminal defendants in capital murder cases a constitutional right to jury instructions on lesser-included offenses, but expressly reserved the question of "whether the Due Process clause would require the giving of such instructions in a noncapital case." *Id.* at 638 n.14. Petitioner did not face a capital murder charge in this case. Moreover, even in capital cases, the requirement of lesser-included offense instructions is grounded on Eighth Amendment concerns, rather than on due process concerns. *Bagby v. Sowders*, 894 F.2d 792, 795–97 (6th Cir. 1990) (en banc). Accordingly, Petitioner is not entitled to habeas corpus relief on his lesser-included offense instructions claim.

III.     **Sentence Scoring**

Petitioner claims in Ground III that the trial court erred by scoring him points for Offense Variable 19, interference with the administrative of justice. The Michigan Court of Appeals found no error, stating:

Defendant lastly argues that the trial court erred in scoring offense variable (OV) 19 of the sentencing guidelines.[fn] "A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score. Scoring decisions for which there is any evidence in support will be upheld. Additionally, we review de novo as a question of law the interpretation of the statutory sentencing guidelines." *People v Endres*, 269 Mich App 414, 417; 711 NW2d 398 (2006) (citations omitted).

Defense counsel objected to the scoring of OV 19 at ten points, stating:

> I think that should be scored zero. The fact that my client denied committing this crime and has been consistent in that throughout the entire process, I don't see that that rises to the level of interfering with or attempting to interfere with the administration of justice. My client has done nothing but exercise his rights in this through his admission – or his . . . telling the [c]ourt and telling the jury that he did not do this.

The prosecutor responded:

> I view his conduct as completely different than as just described. I mean if you – if you look at the entire course of conduct and the way he attempted to elude police, and – and the issues bringing forth what I would consider false testimony, I think he – he should – his appropriate scored [sic] and should be given those points.

The court stated, "I'm satisfied there's a sufficient basis to conclude interference under offense variable 19 to the level of 10 points."

MCL 777.49(c) states that ten OV points should be assessed if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice[.]" Providing a false name to the police is an act encompassed by the statute. *People v Barbee*, 470 Mich 283, 288; 681 NW2d 348 (2004). The statute encompasses a broad range of acts that interfere with the investigation of a crime. See, generally, *id.* at 286-288. Given the changing stories defendant related to the police, we find no error in the scoring of OV 19.

> [fn] Defendant does not argue for resentencing but merely requests the correction of the alleged scoring error. Indeed, defendant concedes that even if OV 19 were scored at zero, his guidelines range would not change. As noted in *People v. Francisco*, 474 Mich. 82, 89 n 8; 711 NW2d 44 (2006), "[w]here a scoring error does not alter the appropriate guidelines range, resentencing is not required."

*Walls*, 2011 WL 890972, at *4.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas

relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court

gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court's sentencing findings were not sufficiently supported. Such claims clearly fall far short of the sort of egregious circumstances implicating due process. Moreover, as noted by the Michigan Court of Appeals, even if Petitioner had been scored zero points for OV 19, his guidelines range would not have changed and Petitioner would not be entitled to resentencing under Michigan law. The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  April 16, 2012            _____/s/ Gordon J. Quist_____
                                    GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE